# WHEELING.

## PERRY v. HORN *et al.*

Submitted June 20, 1882—Decided June 30, 1883.

(\*WOODS, JUDGE, Absent.)

1. If an appeal or a writ of error has been twice dismissed by this Court because of the failure of the appellant or the plaintiff in error to have the record printed, or to deposit the requisite money with the clerk of this Court to have the record printed within six months after the case has been docketed in this Court, the appellant or the plaintiff in error cannot have a third appeal or writ of error awarded to him. (p. 736.)

2. A case is held to be docketed in this Court within the meaning of the law requiring the printing of the record, or the deposit of the money with the clerk for that purpose within six months after the case is docketed in this Court from the day, on which the clerk of this Court issues the summons in the case. (p. 736.)

3. A case which has been dismissed by this Court may at a subsequent term be reinstated, if the case was dismissed because of surprise, accident or mistake. But such equitable considerations cannot be considered by this Court in deciding, whether when a case has been previously dismissed once or oftener another writ of error or appeal can be granted. (p. 740.)

\*Case submitted before Judge W. took his seat on the bench.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Wood, rendered on the 14th day of April, 1879, in a cause in said court then pending, wherein John W. Perry was plaintiff, and S. J. Horn and others were defendants, allowed upon the petition of said S. J. Horn.

Hon. J. M. Jackson, judge of the fifth judicial circuit, rendered the decree appealed from.

Green, Judge, furnishes the following statement of the case:

In July, 1878, J. W. Perry brought a suit in chancery in the circuit court of Wood county to subject certain real estate of the defendant, S. J. Horn, to the payment of a certain judgment and decree against S. J. Horn, and on April 19, 1879, after various proceedings in the court and a report of the commissioner had been made pursuant to a decree of the court, the court ascertained and determined the liens against the real estate of S. J. Horn and their priorities; they being arranged by the court in nineteen classes. And the rents and profits of his real estate not being sufficient to pay the same in a reasonable time, the court among other things decreed, that unless these liens were paid within thirty days, that certain commissioners named should sell in the manner prescribed certain real estate of S. J. Horn. From this decree S. J. Horn obtained from a judge of this Court, in vacation, an appeal and *supersedeas* to the portion of the decree ordering the sale to be made on the 12th day of May, 1879. The penalty of the bond was fixed at one thousand seven hundred dollars. On June 17, 1879, a motion was made by the appellee to require the appellant, S. J. Horn, to execute a *supersedeas-bond* in a larger penalty, which motion was based on the fact, that the penalty of the bond was insufficient to cover the rents and profits pending the appeal. This Court heard the arguments of counsel for both the appellant and appellee upon this point, and being of opinion, that the obligors in such *supersedeas-bond* would not be responsible for the value of the rents and profits received by the appellant pending such appeal, refused to increase the penalty of said bond, and on June 26, 1879,

overruled said motion. On April 24, 1880, the appellee, John W. Perry, moved this Court to dismiss the appeal and *supersedeas* in this cause on the ground, that although more than six months had elapsed since this cause was docketed in this Court, the appellant had failed to deposit with the clerk of this Court a sum sufficient to pay for printing the transcript of the record as required by law. After hearing the parties by their counsel this Court on May 4, 1880, sustained this motion, and dismissed the appeal and *supersedeas*, but without prejudice to the rights and privileges of the appellant thereafter to apply for and obtain an appeal from said decree and a *supersedeas* to a portion of said decree in the manner and within the time prescribed by law.

On the 8th day of May, 1880, the appellant again presented his petition for a like appeal and *supersedeas* to a judge of this Court, in vacation, and it was again awarded, the penalty of the bond again being fixed at one thousand seven hundred dollars. The appellant, S. J. Horn, again failed to deposit with the clerk of this Court, within six months after the cause was again docketed in this Court, a sum sufficient to pay for printing the transcript of the record and on November 27, 1880, the appellee moved this Court to dismiss this cause for this reason. On December 18, 1880, after hearing the arguments of counsel and maturely considering the evidence presented on each side, the Court sustained the motion and dismissed this cause a second time at the cost of the appellant. There was in this order no provision such as had been inserted in the former order, that this dismissal was to be without prejudice to the right of the appellant thereafter to apply for and obtain a like appeal and *supersedeas* to said decree. On March 12, 1881, the said S. J. Horn, by his counsel, again for the third time filed his petition asking for an appeal from the said decree. This petition was presented to this Court in session, and as it asked for an appeal only and not for a *supersedeas*, this Court awarded the appeal, fixing the penalty of the bond at three hundred dollars, and stating at the time, that it doubted its authority to allow this third appeal, but that it would be allowed, and if when the case was submitted to this Court and the law examined this Court reached the conclusion, that it ought not

to have granted this appeal, it would then be dismissed as improvidently awarded; and this cause was argued and submitted to this Court on June 19, 1882.

*James Hutchinson* for appellant.

*W. L. Cole* for appellee.

GREEN, JUDGE, announced the opinion of the Court:

The first enquiry in this case is, whether the appeal should not be dismissed as improvidently awarded. We have decided during the present term of this Court in *Alois Casanova* v. *Peter Kreusch, supra,* that where a writ of error and *supersedeas* has been dismissed because of the failure of the plaintiff in error to give a new bond with security when required so to do by this Court, the sureties in the first bond being insolvent, the plaintiff in error can not be awarded a writ of error without *supersedeas* on giving the bond required by law, and if this be done the writ of error will be dismissed as improvidently awarded. And the reasoning on which said conclusion was reached would forbid the granting of any writ of error or appeal, whether with or without *supersedeas* whenever this Court has dismissed for want of prosecution a former writ of error or appeal, except where it had been dismissed without prejudice to such second writ of error or appeal under the express provision of some statute, or where such second appeal or *supersedeas* was allowable under a fair construction of some statute-law. Chapter 172 of Acts of 1872-3, page 521 provides, "that should the appellant or plaintiff fail within six months after his case has been docketed in the Court of Appeals, to deposit with the clerk a sufficient amount to pay for the printing of the record, he shall be deemed to have abandoned his appeal and the same shall be dismissed; but it may be renewed at any time within five years from the date of the judgment or decree appealed from." Of course, when the requisite money has not been deposited in the required time or the record printed, this Court under this law as a matter of course granted a second writ of error or appeal. The time allowed, within which to deposit this money for the printing of the record, is six

months after the case has been docketed in this Court. This Court has decided, that the issuing by our clerk of the process is the time of docketing meant by the law.

We are now to determine, whether this law also authorizes this Court to issue a third or an indefinite number of appeals or writs of error from the judgment or decree, when writs of error or appeals have been repeatedly dismissed by the Court because of the failure to deposit with the clerk a sufficient sum to pay for the printing of the record within six months after the case is docketed.

The statute says, that "the case may be renewed at any time within five years from the date of the judgment, order or decree appealed from." Does this mean that it may be renewed once after such dismissal, or that it may be renewed an indefinite number of times provided only that the last of such renewals is within five years from the rendition of the judgment or decree appealed from? The language of the act would admit of either interpretation, and the construction to be put upon it must be that which most accords with the spirit of our laws, as interpreted by the Court in reference to the granting or refusing appeals or writs of error after a case has been dismissed by this Court for want of prosecution. The general spirit, which has pervaded the law in this country has been in opposition to the granting of a second appeal or writ of error, when the first has been dismissed for want of prosecution. This is shown by the decisions of the courts, some of which were reviewed in *Casanova* v. *Kreusch, supra*. They need not be again reviewed, but it will suffice to say, that second appeals or writs of error, after the first has been dismissed, are refused in California, Kentucky, Virginia and in West Virginia, except where the case comes within the provision of the statute-law, which we are considering. See *Karth* v. *Light,* 15 Cal. 327; *Osborn* v. *Hendrickson,* 6 Cal. 175; *Chamberlain* v. *Reed et al.* 16 Cal. 208; *Harrison* v. *Bank of Kentucky,* 3 J. J. Marshall 375 ; *Sites et al.* v. *Wieland,* 5 Leigh 80; *Casanova* v. *Kreusch, supra.*

It is true, that a different course was and perhaps is pursued in New York. See *Langley* v. *Warner,* 1 Com. 606; *Kelsey* v. *Campbell,* 38 Barb. 238; *Watson* v. *Husson,* 1 Duer 252. And in one case in Wisconsin, the court with apparent

reluctance followed the New York practice. The decided weight of authority as well as of reason is in accord with our practice, and in *Casanova* v. *Kreusch, supra,* it is shown, that the uniform practice in Virginia certainly since 1820 and probably for an indefinite time before that has been to refuse a second appeal or writ of error, when the first one had been dismissed for want of prosecution; and such was the practice in all cases in this State, it is believed, till the passage of the statute-law, which we are now to construe. It is true, that it may be supposed, that the law in our Code of 1869 by its provisions modifying the condition of the undertaking upon an appeal raises some doubt, as to whether this long continued practice should be preserved. It omitted the provision in the old bond, that the obligors should be responsible, if the appeal was dismissed, and retained only the condition, that they would be responsible, if the judgment below was affirmed. But according to the Kentucky and California cases above cited this was really no change in their obligation. These cases are reviewed in *Casanova* v. *Kreusch, supra*; and I concur in their conclusion, that a responsibility, when the judgment or decree below is affirmed, is the equivalent of a responsibility, if the judgment or decree is affirmed, or the appeal or writ of error is dismissed for want of prosecution, when the statute does not authorize a second appeal, and therefore that no change was introduced into our law either in the Code of Virginia of 1849 or in that of 1869, so far as the responsibility of the obligors in an appeal-bond is concerned, except that produced by permitting a second appeal or writ of error when the first is dismissed, because funds have not been provided for printing the record within six months. For these changes in our law in reference to the conditions of appeal-bonds, see R. C. 1819 ch. 66 § 50 p. 206; ch. 64 §§ 11, 19 p. 192, also ch. 64 § 13 p. 193; Code of Virginia of 1860 ch. 182 §§ 21, 27, and Code of W. Va. ch. 153 § 3. For a full statement of these changes in the language of our statute-law in reference to the conditions of appeal-bonds, see *Casanova* v. *Kreusch, supra.* The conclusion there reached is, that though the language of this condition of an appeal-bond has been thus changed, there has been no change in its effect and meaning. It is possible that

the provisions of statute-law between 1863 and 1873, during which time great changes were effected in reference to appeals, and the mode in which they were taken, may possibly have had some effect during these ten years on the question, which we are considering. But we deem it unnecessary to examine this point, as in 1873 the old practice with reference to the obtaining writs of error and appeals, which had been followed in Virginia for an indefinite time was again restored, and is now and ever since has been in force.

Our conclusion is, that the general law of this State as well as the State of Virginia is and always has been, with possibly an exception for a brief time, that when a writ of error or appeal is dismissed for want of prosecution a second writ of error or appeal will not be granted, and that the statute which we are construing introduced for the first time an exception to this general rule. This exception is, that if the dismissal is for want of prosecution because of the failure to provide for the printing of the record within six months after the case is docketed in the appellate court, "the case may be renewed at any time within five years from the date of the judgment, order or decree appealed from." This being an exception to a long established rule of universal application, it ought to be construed with strictness, and as these words of the exception are fully met by the allowance of one other appeal or writ of error, when the case has been dismissed because of such failure to furnish funds to print the record, it seems to me we should construe this statute as allowing the award of only a second appeal or writ of error in such a case, and that we would be extending this exception too far if we were to allow in succession a third or fourth or an indefinite number of appeals or writs of error in such case. The language of the statute does not fairly admit of such a construction, when we consider the condition of of the law when this statute was enacted. There is a special reason applicable to Virginia and West Virginia, which should prevent the courts from allowing an indefinite number of appeals or writs of error, when there are dismissions of former appeals and writs of error for want of prosecution, that is, the construction, which has been put by the courts of Virginia and West Virginia on the bonds given in these

States on the awarding of an appeal or writ of error with *supersedeas*.

These courts have held, that when the sale of land has been ordered and is stayed by the *supersedeas* the *supersedeas-bond* does not render the obligors in this bond resposible for the rents and profits of the land pending the appeal. See *Cardwell* v. *Allen, trustee*, 28 Gratt. 184; *Beard* v. *Arbuckle et al.* 19 W. Va. 149. It would be onerous on the appellants in a suit, where lands have been ordered to be sold by the court below to pay these debts, and it is in value insufficient to pay them, and there is no other way, in which they can be paid, if the appellant the owner of the land in possession by taking several appeals and writs of *supersedeas* after repeated dismissals of his appeals for failure to provide funds for the printing of the record, could keep possession of the land for five years, after the decree has been entered for its sale, without any one being accountable for the rents and profits. The case before us is an example of the hardship, which the appellees would sustain if we were to construe our statute as permitting an appellant to renew his appeal and *supersedeas* a third time or oftener, after it had been twice before dismissed, because of the failure of the appellant to furnish the requisite funds to print the record.

On the motion to increase the *supersedeas-bond* formerly made in this case it was proven, that a fair rent of the real estate in the possession of the appellant, and which the court below had decreed to be sold to pay debts of appellees, was not less than three thousand dollars per annum, and that the property was liable to be destroyed by fire and was insured for less than one third its value. It was also shown, that the appellant was probably insolvent, and that the property ordered to be sold, would not probably pay his debts, and that the probable loss incurred by the appellees, if the decree of the court below should be ultimately affirmed, would probably be three thousand dollars a year at least, so long as the *supersedeas* to said decree of sale continued in force. For the securities in the *supersedeas-bond* were not I presume liable for the rents and profits of this property, nor for any loss by fire should any occur. This being the state of the case, it would appear unjust to the appellees to permit the

appellant to continue the *supersedeas* for five years before the case was submitted to this Court for decision, by repeated applications for appeals and *supersedases* every six months, arising from his failure to print the record, or to furnish money wh03rewith to have it printed.

It is true, that the decision of this Court in *Beard* v. *Arbuckle et al.*, 19 W. Va. 135, that the appellees while the case was pending in this Court on an appeal and *supersedeas* might have a receiver appointed in certain cases relieves the hardship, to which the appellees are subjected, because the *supersedeas-bond* does not I presume make the obligors therein responsible for rents and profits; but this is but a poor indemnity for the loss, which the appellees would sustain in such a case as the one before us, if the appellant was permitted to get repeated appeals and *supersedeases* every six months for a period of five years. His failure to print the record prevents this Court from deciding the case, as it cannot be submitted to us for decision till the record is printed. The trifling costs of the motion to dismiss his appeal because the record was not printed, is utterly insufficient in such a case as this to make it the appellant's interest to have the record printed, if he can by failing to do so continue in the possession for five years of his property decreed to be sold, without giving any security for the rents and profits. It is true, that in this case the appellant in his third appeal asked for no *supersedeas*, but it is obvious, that if we can properly award him this third appeal we would be bound, if he asked it, to award him a third *supersedeas* also.

This right to an appeal and *supersedeas* is a legal right where it exists at all, and if this Court thinks there is error in the decree prejudicial to the appellant, such appeal and *supersedeas* must be awarded. If this right to a third appeal and *supersedeas* exists it must be granted, though this Court was satisfied, that the only reason why the record had not been printed was, that the appellant desired to prolong the time during which he would occupy the property ordered to be sold, without giving any security for the rents and profits. If a case has been dismissed for want of prosecution, through some accident or mistake or through the fraud of the appellees, this Court can reinstate it if such equitable circum-

stances can be proven by affidavits. See *Thornton* v. *Corbin*, 3 Call 321 and 332, and *Craigen et al.* v. *Thorn et al.*, 3 H. & M. 269. But the right to apply for a second or third appeal is, where it exists, a legal right and not an equitable one, and such 'equitable considerations as those we have referred to in connection with the dismissal of a former appeal cannot be considered by this Court in deciding, whether such second or third appeal can be granted when it must be granted or disallowed with reference to these outside facts, which cannot be in any way proven. I am therefore of opinion, that the appeal awarded in this case was improvidently awarded, and must therefore be dismissed; and the appellees must recover of the appellants their costs in this Court expended.

JUDGES JOHNSON AND SNYDER CONCURRED.

APPEAL DISMISSED.