# CHARLESTON.

NANNIE J. HUFFMAN, *Administratrix of Arlie Diehl, Dec'd.* v.
DAVID GWINN

(No. 5954)

Submitted October 18, 1927.    Decided October 25, 1927.

APPEAL AND ERROR—*Statute Requiring Appellant to Deposit Money
for Printing Record Within Three Months After Case is
Docketed in Appellate Court Held Mandatory (Code, c.
135, § 18).*

> Section 18, Chapter 135 Code, providing that if the ap-
> pellant or plaintiff in error fail for three months after his
> case has been docketed in the Supreme Court of Appeals to
> deposit with the clerk of said Court a sufficient sum to pay
> for the printing of the record, he shall be deemed to have
> abandoned his appeal and the same shall be dismissed, is
> mandatory in requiring this Court upon motion to dismiss
> a writ of error for failure of plaintiff in error to comply
> with such requirement.

Error to Circuit Court, Greenbrier County.

Action by Nannie J. Huffman, administratrix of the estate
of Arlie Diehl, deceased, against David Gwinn. Judgment
for plaintiff, and defendant brings error.

*Writ of error dismissed.*

*Thos. N. Read* and *Thomas L. Read,* for plaintiff in error.
*Revercomb & Revercomb,* for defendant in error.

LITZ, JUDGE:

The defendant complains of a judgment for $2,000.00
against him in favor of the plaintiff for the death of decedent,
an infant nine years old, resulting from his being struck by
a Ford automobile owned and driven over a public road in
Greenbrier County by the defendant.

The errors assigned involve, among other rulings of the
trial court, the granting of an instruction in behalf of the
plaintiff which authorized the jury to take into considera-

tion as an element of damages the mental anguish and suffering of near relatives, caused by the death of decedent.

The judgment was entered upon the verdict July 30, 1926. The writ of error was allowed and docketed February 22, 1927. Plaintiff has moved to dismiss the writ because the defendant failed to comply with the statute and rule of this Court requiring an appellant or plaintiff in error to deposit with the clerk within three months from the docketing of the writ a sufficient sum to pay for printing the record. The defendant resists the motion upon the theory that the statute is not mandatory, offering as an excuse for the delay that he was adjudged a bankrupt March 23, 1927. Section 18, Chapter 135, Code, provides that if the appellant or plaintiff in error "fail for three months after his case has been docketed in the court of appeals, to deposit with the clerk of the said court of appeals a sufficient sum to pay for the printing of the record, he shall be deemed to have abandoned his appeal and the same shall be dismissed; but it may be renewed at any time within six months from the date of the judgment, order or decree appealed from, according to the provisions of section three of this chapter."

If the statute is merely directory, as the defendant asserts, in what class of cases or how long after the limitation would its application be appropriate? "The procedure necessary to perfect an appeal is usually the subject of statutory regulation, and there must be at least a substantial compliance with the requirements, otherwise no jurisdiction is secured by the appellate court, and the court cannot dispense with any of the prescribed requirements." 3 R. C. L. 100. "Where no jurisdiction is acquired because the appeal is not taken or perfected in time, neither the regularity of proceedings, nor the jurisdiction of the lower court can be inquired into." 3 C. J. 1068. "The general rule is that the time prescribed by the statute for taking or perfecting an appeal or proceeding in error is jurisdictional, and that it cannot be extended, nor relief granted in case of failure to proceed in time either by the appellate court or a judge thereof, or by the lower court, unless such extension or

relief is authorized by statute, or the time is regulated by valid rule of court." Idem. 1069.

The purpose of the statute under consideration is to prevent delay on the part of appellant or plaintiff in error in perfecting his appeal or writ. With this in view, the act is mandatory in terms, requiring a dismissal of the appeal or writ of error for failure of the appellant or plaintiff in error to comply with its requirements. The statute has been so applied by this Court. *Perry* v. *Horn*, 21 W. Va. 732; *Kelner* v. *Cowden*, 60 W. Va. 600. It has been similarly held that the failure of the appellant or plaintiff in error to perfect an appeal, writ of error or supersedeas by executing an appeal bond within the time prescribed by the statute makes it the mandatory duty of the appellate court to dismiss the appeal, writ of error or supersedeas, although the bond has been given after expiration of such time. *Scott* v. *Coal & Coke Railway Co.*, 70 W. Va. 777.

The motion to dismiss is therefore sustained.

*Writ of error dismissed.*