P. G. GAINES *v.* GEORGE P. STOVALL *et al.*

(No. 7557)

Submitted November 1, 1933.   Decided November 7, **1933.**

*Martin & Martin* and *Hartley Sanders,* for appellant.
*James S. Kahle,* for appellees.

LITZ, JUDGE:

This is a motion to dismiss an appeal for failure of appellant to deposit with the clerk of this court within three months from the docketing of the appeal an amount sufficient to pay the costs of printing the record in the cause.

After the expiration of the three months' period, without the deposit having been made, the appellant asked leave to move for reversal on the original record, which leave was granted and the cause docketed for hearing. This action was taken without the attention of the court being called to the fact that more than three months had elapsed since the docketing of the appeal; otherwise, the request should have been refused.

Section 17, article 5, chapter 58, Code 1931, provides that "should the appellant or plaintiff in error fail for three months after his case has been docketed in the court of appeals to deposit with the clerk of said court of appeals a sufficient sum to pay for the printing of the record, he shall be deemed to have abandoned his appeal or writ of error and *the same shall be dismissed; * * *.*" The act has been held mandatory in *Perry* v. *Horn,* 21 W. Va. 732; *Kelner* v. *Cowden,* 60 W. Va. 600, 55 S. E. 649, and *Huffman* v. *Gwinn,* 104 W. Va. 328, 140 S. E. 50, 51. In the last case, this court said: "The purpose of the statute under consideration is to prevent delay on the part of the appellant or plaintiff in error in perfecting his appeal or writ. With this in view, the act is mandatory in terms, requiring a dismissal of the appeal or writ of error for failure of the appellant or plaintiff in error to comply with its requirements. The statute has been so applied by this court in *Perry* v. *Horn,* 21 W. Va. 732; *Kelner* v. *Cowden,* 60 W. Va. 600 (55 S. E. 649), and it has been similarly held that the failure of the appellant or plaintiff in error to perfect an appeal, writ of error or supersedeas by executing an appeal

bond within the time prescribed by the statute makes it the mandatory duty of the appellate court to dismiss the appeal, writ of error or supersedeas, although the bond has been given after expiration of such time. *Scott* v. *Railway Company*, 70 W. Va. 777 (74 S. E. 992).''

We cannot ignore the plain terms of the statute or depart from our former rulings thereon merely because the appeal may be meritorious. As this court had already lost jurisdiction, the placing of the cause on the docket to be heard upon the original record did not alter the situation. The motion to dismiss in the *Huffman* case was interposed at the hearing long after the record had been printed.

The motion is, therefore, sustained.

*Motion sustained.*