EARL S. WORSHAM, *doing business as* WORSHAM BROTHERS *v.* CECIL HEWLETT *et al.*

(No. 7667)

Submitted February 6, 1934. Decided February 20, 1934.

*M. J. Ferguson* and *J. M. McCandless*, for plaintiffs in error. *Lindsay, Young & Atkins* and *James Damron*, for defendant in error.

WOODS, PRESIDENT:

The defendant in error seeks to have the writ of error and supersedeas awarded by this Court on June 6, 1933, dismissed on the ground that the required deposit for printing was not made within the statutory period.

On the date aforesaid the clerk prepared the process, gave the case a number and entered it upon the fee book, and notified, by mail, the attorney for petitioners of the action of the Court and that process would be forwarded upon receipt of the statutory fee for docketing, etc., of $10.00. The foregoing fee was received by the clerk on June 13, 1933, at which time process was mailed. On September 7, 1933, the motion to dismiss was filed with the clerk. On the following day the

clerk received a letter, bearing date September 7, 1933, which inclosed a check for estimated cost of printing.

Section 17, article 5, chapter 58, Code 1931, provides that "should the appellant or plaintiff in error fail for three months after his case has been docketed in the court of appeals to deposit with the clerk of said court of appeals a sufficient sum to pay for the printing of the record, he shall be deemed to have abandoned his appeal or writ of error and the same shall be dismissed." The purpose of the foregoing statute, as pointed out in *Huffman* v. *Gwinn*, 104 W. Va. 328, 140 S. E. 50, 51, "is to prevent delay on the part of appellant or plaintiff in error in perfecting his appeal or writ." See also, *Gaines* v. *Stovall*, 114 W. Va. 282, 171 S. E. 646; *Perry* v. *Horn*, 21 W. Va. 732.

The position is taken in opposition to the motion to dismiss that the three months' period did not begin to run until June 13, 1933, the date the clerk actually mailed the process. Counsel argues that the *docketing* of an appeal or writ of error is dependent upon the issuance of process, and the latter upon the payment of the $10.00 fee, citing Code 1931, 59-1-13; *Perry* v. *Horn, supra; Lynch* v. *Armstrong*, 90 W. Va. 98, 102, 111 S. E. 489. If the issuing of process were dependent upon the collection in advance of court costs, the plaintiff in error or appellant might unduly prolong the date from which the three months would begin to run. While it is true that this Court, in dealing with the precursor of said section 17, held, in *Perry* v. *Horn, supra,* that a case is docketed within the meaning of that statute from the day on which the clerk of this Court issued the summons or process in the case, it must be noted that sections 11 and 12 of article 5, chapter 58, Code 1931, clearly contemplate the issuance of such process as of the date of the receipt by the clerk of the petition, duly endorsed by the Court, or a judge thereof in vacation.

The fact is not denied that, in the instant case, the clerk completed all the routine, including entry on the fee book, issuing of process, etc., on the date of the allowance of the writ of error. So we hold that the writ of error was docketed on June 6, 1933, and the three months' period began to run from that date.

The motion to dismiss is therefore sustained.

*Motion sustained.*