## KRAMER et v ROTH et

Ohio Appeals, 1st Dist, Hamilton Co

Decided January 25, 1932

John A. Scanlon, Cincinnati, for plaintiffs in error.

James J. Fitzpatrick, Cincinnati, for defendants in error.

CUSHING, J.

The controlling questions presented by the record are:

Were Roth and Fessler licensed real estate brokers? and,

Did the Court err in instructing a verdict after the defendants reserved the right to have their case submitted to the jury in case their motion was decided against them?

Considering these questions in the reverse order, the rule is that if both the plaintiff and defendant make a motion for an instructed verdict, the parties waive the jury and submit the cause to the court for its determination, but if either party reserves the right to have its case submitted to the jury, if the motion is decided against them, the court then must submit the case to the jury. See: **Perkins v Board of County Commissioners, 88 Oh St 495.**

Sec 6373-48 GC, provides:

"No right of action shall accrue to any person, firm or corporation for the collection of compensation for the performance of the acts mentioned in section 1 of this act without alleging and proving that such person, firm or corporation was duly licensed as a real estate broker or a real estate salesman, as the case may be, at the time the cause of action arose."

Sec 6373-25 GC, defines a real estate broker as follows:

" 'Real estate broker' means a person, firm or corporation who, for a commission, compensation, or valuable consideration, sells, or offers for sale, buys or offers to buy, negotiates the purchase or sale or exchange of real estate, or leases, or offers to lease, rents, or offers to rent, any real estate, interest therein or improvement thereon, for others."

It is obvious that the term "real estate brokers" is not synonymous with "licensed real estate brokers". The allegations and proof required by §6373-48 GC, were absent in this case. Consideration of other questions is rendered unnecessary, as we are,

therefore, compelled to hold that the verdict should not only not have been instructed for the plaintiffs, but ought to have been instructed for the defendants, and this court, therefore reverses the judgment of the court of common pleas, and renders judgment herein for the plaintiffs in error.

ROSS, PJ and HAMILTON, J, concur.