COLUCY, PLAINTIFF, v. D & H COAL CO., INC., ET, DEFENDANTS.

Common Pleas Court, Tuscarawas County.

No. 35409. Decided August 16, 1961.

454

*Mr. Edward J. Zink*, for plaintiff.

*Messrs. Smith, Renner, Hanhart & Miller* and *Messrs. Carson, Roderick & Holden*, for D & H Coal Co.

*Messrs. Stephenson, Stephenson & Stephenson*, for Troy Beaver.

LAMNECK, J. In the plaintiff's petition he asks the court to require the defendants to render an accounting to him for commissions and royalties due under an alleged "sales and agency agreement," dated February 25, 1960, entered into between the plaintiff and the defendant, the D & H Coal Co., Inc., a corporation. A copy of the agreement is attached to the petition and made a part thereof.

The first four paragraphs of the said agreement read as follows:

"THIS AGREEMENT, made and concluded at Navarre, Ohio, this 25th day of February, 1960, by and between D & H Coal Co., Inc. an Ohio corporation, hereinafter called the Corporation, and DAVID COLUCY, of Navarre, Ohio, hereinafter called the Agent, WITNESSETH:

"(1) The Corporation hereby gives and grants unto the Agent the sole and exclusive right to acquire, for and on behalf of the Corporation, and as its sole and exclusive agent therefor, all mineral rights, including rights to coal, oil and gas, and/or the land wherein and whereon such minerals may be situate, by sale, lease, or otherwise, within a radius of one hundred (100) miles from the Village of Dennison, in the County of Tuscarawas, State of Ohio.

"(2) The Corporation shall pay to the Agent the sum of

Five Hundred and no/100 Dollars ($500.00) per month, in semi-monthly installments of Two Hundred Fifty and no/100 Dollars ($250.00) each, in advance, as advance royalties, to be computed and paid by the Corporation to the Agent as more fully set forth in (3) hereafter.

"(3) The services of the Agent in acquiring land and/or minerals for the corporation shall be paid for, by the Corporation to the Agent, as follows:"

Then follows certain specifications as to the manner of paying royalties to the plaintiff.

Item No. 4 of said contract reads as follows:

(4) All leases or purchases acquired by the Agent shall be transferred to and placed in the name of the Corporation.

The petition alleges that the plaintiff secured five separate leases under said agreement which the defendant, the D & H Coal Co., Inc. transferred and assigned to the defendant, The Charles York Coal Company, Inc. sometime during 1960.

The petition further alleges that the defendants have been removing great quantities of coal from the five leased premises aforesaid and have failed and refused to make an accounting to him for royalties and commissions on the coal and minerals so removed.

The matter is now before the Court on the demurrer of the defendant, the D & H Coal Co., Inc. on the ground that the petition does not state a cause of action against the said defendant.

Said defendant contends that the petition is defective in that an allegation must be contained in the petition that the plaintiff at the time of the securing of the leases had a real estate broker's license issued under the provisions of Section 4735.01 et seq, Revised Code. The petition contains no such allegation.

It is provided by Section 4735.21, Revised Code, that:—

"No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in Section 4735.01, Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker. Nothing contained in this section shall prevent a right of action from accruing after the expiration

of a real estate license if the act giving rise to the cause of action was performed by a licensee prior to such expiration.''

It is also provided under Section 4735.02, Revised Code that:—

''No person, partnership, association, or corporation shall act as a real estate broker or as a real estate salesman, or advertise or assume to act as such, without first being licensed as provided in Sections 4735.01 to 4735.23, inclusive, Revised Code.''

If the service rendered on which this action is based is that of a ''real estate broker,'' then it is essential that the plaintiff plead and prove that he was a licensed real estate broker at the time the service was rendered. In *Kramer* v. *Roth,* 42 Ohio App., 1, 181 N. E., 277, the second proposition of the syllabus reads as follows:

''In action for commission, failure to plead and prove that the plaintiffs were 'licensed' real estate brokers required directed verdict for the defendants.''

In *Maglione* v. *Wojno,* 63 Ohio App., 223, 25 N. E. (2d), 946, it was held that ''a person who has not complied with the provisions of the statute governing real estate broker's licenses, and thus is not duly licensed as such, is not entitled to prosecute an action for the recovery of a commission for services as a real estate broker where the cause of action arose at the time he was not duly licensed.''

In *Jones* v. *The Newport Coal Co., Inc.,* an unreported case in The Court of Appeals of Tuscarawas County, No. 809, it was held that a motion for a directed verdict at the close of the plaintiff's case was properly sustained. In that case the plaintiff, an unlicensed real estate broker, sought to recover $50,-000.00 in royalties from the defendant under a contract, the essential portion of which reads as follows:

''That for and in consideration of the efforts of the party of the second part, in securing coal leases for and in the name of the party of the first part, in Stark County, Ohio, the party of the first part, agrees to pay to the party of the second part, their heirs and assigns, the sum of .05 (Five Cents) per ton for all coal mined in Stark County, Ohio. Payment to be made not later than the 25th day of each month for all coal sold the preceding month.''

The Supreme Court denied a motion to certify in the foregoing case.

Under the facts pleaded in the petition and the terms set forth in the alleged agreement, were the services rendered by the plaintiff on which his action is based that of a real estate broker?

In the alleged contract the plaintiff is designated as an "agent."

In the second paragraph of the alleged agreement the D & H Coal Co., Inc. gave and granted "unto the *Agent* the sole and exclusive right to acquire for and on behalf of the corporation, and its sole and exclusive *agent* therefor, all mineral rights, including rights to coal, oil and gas, and/or the land wherein and whereon such minerals may be situate, *by sale, lease, or otherwise*, within a radius of 100 miles from the village of Dennison, in the County of Tuscarawas, State of Ohio" (emphasis ours).

A broker is an agent. Generally he is the agent only of the person by whom he is originally employed. (Bouvier's Law Dictionary.)

A "broker" is defined by Story as an agent employed to make bargains. (*Alt* v. *Doscher*, 92 N. Y. S., 439, 102 App. Div., 344.)

In Words and Phrases, there are many citations in which the term "broker" is defined as an "agent."

Under Section 4735.01, Revised Code, the term "Real Estate Broker" includes:

" 'Real estate broker' includes any person, partnership, association, or corporation, foreign or domestic, who for another and for a fee, commission, or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission, or other valuable consideration, sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of, or offers or attempts or agrees to negotiate the sale, exchange, purchase, rental, or leasing of, or lists or offers or attempts or agrees to list, or auctions, or offers or attempts or agrees to auction, any real estate, or the improvements thereon; or who operates, manages, or rents, or offers or attempts to operate, manage, or rent, other than as custodian, caretaker, or

janitor, any portion of office or loft buildings to the public as tenants; or who advertises or holds himself, itself, or themselves out as engaged in the business of selling, exchanging, purchasing, renting, or leasing real estate, or assists or directs in the procuring of prospects or the negotiation or closing of any transaction, other than mortgage financing, which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate. 'Real estate broker' shall also incude any person, partnership, association, or corporation employed by or on behalf of the owner of lots, or other parcels of real estate, at a stated salary, or upon a commission, or upon a salary and commission basis or otherwise, to sell such real estate, or any parts thereof, in lots or other parcels, and who shall sell or exchange, or offer or attempt or agree to negotiate the sale or exchange of any such lot or parcel of real estate.''

As this section would apply to the allegations in the petition and the provisions of the alleged contract:

"Real Estate Broker includes any *person* * * *, who for *another* and for a fee, commission, *or other valuable consideration*, or who * * * upon the *promise* of recovering or collecting a fee, commission, or other valuable consideration, * * * *purchases* * * * or *leases* * * * any real estate, or the improvements thereon * * *.'' (Emphasis ours.)

The same section under (b) the term "Real Estate" includes leaseholds as well as any and every interest or estate in land, whether corporeal or incorporeal, whether freehold or non-freehold, and whether said land is situated in the state or elsewhere.

Under the alleged agreement, the plaintiff was given the right to "acquire" (purchase "mineral rights, including rights to coal, oil and gas" (real estate) for the D & H Coal Co., Inc. (another).

Thus it is quite apparent that the service the plaintiff performed or was to perform comes within the strict definition of the term "Real Estate Broker" as defined by the statute.

Section 4735.01, Revised Code, under (1) also provides that the term "real estate broker" does not include a person who deals in his own real estate. From the allegations contained in the petition, the plaintiff was not dealing in his own real estate but was employed as an agent (broker) to purchase in-

terests in real estate for another, and therefore this provision does not apply.

For the foregoing reasons, the demurrer will be sustained. Exceptions noted.