# CHARLESTON

## STATE v. GROVE.

Submitted September 4, 1914.   Decided September 15, 1914.

1. CRIMINAL LAW—*Hearing on Motion for New Trial—Presence of Accused.*

   In a felony case, it is reversible error to hear arguments in favor of and against a motion for a new trial when the accused is not personally present. (p. 703).

2. FALSE PRETENSES—*Felony—Value of Property.*

   The obtaining of the property of another by false pretences with intent to defraud is, by Code 1913, ch. 145, sec. 23, a felony, regardless of the value of the property, and the punishment mentioned in that section applies to the offense, not the punishment for ordinary larceny. Distinguishing *State* v. *Hurst*, 11 W. Va. 54. (p. 704).

Error to Circuit Court, Greenbrier County.

Paxton Grove was convicted of obtaining property by false pretenses with intent to defraud, and brings error.

*Reversed, and new trial awarded.*

*T. N. Read*, for plaintiff in error.

*A. A. Lilly*, Attorney General, and *John B. Morrison* and *J. E. Brown*, Assistant Attorneys General, for the State.

ROBINSON, JUDGE:

Paxton Grove, convicted upon an indictment charging him with feloniously obtaining the property of another by false pretences with intent to defraud, has appealed. Only one of his assignments of error is meritorious. To that point alone we shall direct discussion.

By a bill of exceptions the following appears: "After the verdict of the jury had been rendered herein, and the prisoner had been remanded to jail, and while the motion of the accused to set aside the said verdict and grant him a new trial was being argued before the court, the prisoner was not present in court at any time during said argument, or while said motions were being argued by either the counsel for the accused or for the State, though the fact of said prisoner's absence was at the time called to the attention of the court, the said prisoner being during said argument and time confined in the jail of the said county." Plainly, by the long line of decisions binding us, the procedure recited in this bill of exceptions constituted reversible error. It is unnecessary to cite the cases. They are known to every lawyer.

The statute stands as it has stood in the Virginias for years: "A person indicted for felony shall be personally present during the trial therefor." Code 1913, ch. 159, sec. 2. The right of one under indictment for a felony to be personally present at every stage of his trial can not be denied him. The statute has always been viewed as absolutely mandatory, even when it could be seen that no harm has come from its non-observance. Notwithstanding such strict view of the right given, no legislature has seen fit to liberalize the rule. Quite apparently our law makers continue to sanction the policy of the original enactment as strictly interpreted and enforced by the courts. Such strict interpretation and enforcement in some instances seems unnecessarily technical. Particularly is this so when in a case it appears affirmatively that the accused could not have been prejudiced by a slight disregard of the statute. But the right of the accused in a felony case to be personally present at all times during his trial has ever been deemed rather an inalienable one. The province for change properly lies in the Legislature, not in this court.

The rule applies not simply before verdict, but as well thereafter until judgment. In *State* v. *Parsons*, 39 W. Va. 464, it was held: "In felony cases the accused must be present in his own proper person from the inception of the trial upon the indictment to the final judgment inclusive, when

anything is done affecting him; and the record must show his presence. He must be present when action is had on a motion for a new trial." It is certainly a plain violation of the statute to allow a motion for a new trial, one which so vitally affects the interests of the accused, to be argued pro and con in his absence.

The attorney-general, however, in his brief claims that the rule does not apply in this case. He says the defendant, though proceeded against for felony, was found guilty only of a misdemeanor. In other words he would say that after the verdict the accused was no more on trial for a felony. How this would be if the verdict was really a finding of misdemeanor, we need not say. For, under the law, the verdict of guilty returned against the defendant herein can be rightly considered none other than a verdict finding him guilty of a felony. True, the verdict recites that the value of the property obtained by the defendant through false pretences was less than twenty dollars. But, as the statute now is, Code 1913, ch. 145, sec. 23, the punishment for ordinary larceny is not applicable to larceny by false pretences. The latter offense is, by the present statute, of felony grade, whatever the value of the property involved. Formerly it was otherwise. *State v. Hurst,* 11 W. Va. 54; *Dull's Case,* 25 Grat. 965. By the enactment of 1891 a significant change was made in section 23 of chapter 145. That section was made to read so that the special punishment therein mentioned applies to the provision thereof that the obtaining of the property of another by false pretences shall be deemed larceny, as well as to the other provisions of the section. Before the change made in 1891 it had been held, in the cases last cited, that the punishment mentioned in that section applied only to provisions of the section other than that which stated that the obtaining of the property of another by false pretences should be considered larceny. It had been held that the statutory punishment for ordinary larceny applied to the latter. But the change made leaves no room for doubt that the special punishment mentioned in section 23 shall apply to the offense of obtaining the property of another by false pretences, though considered larceny. The section now says that "every person so

offending against *any* of the provisions of this section shall, upon conviction thereof, be confined in the penitentiary not less than one nor more than five years, or at the discretion of the court be confined in jail not more than one year and be fined not exceeding five hundred dollars.'' This plainly covers the provision which says the obtaining of the property of another by false pretences shall be considered larceny, as well as the other provisions detailing other offenses. It attaches the particular punishment prescribed by it to the larceny of obtaining property by false pretences, without regard to the value of the property involved. It thereby makes that larceny to be of the felony or penitentiary grade, though the court in its discretion may punish the felony by jail sentence and fine. So, the defendant herein having been found guilty as charged in the indictment, he was found guilty of that which by the statute is a felony—that which is punishable by confinement in the penitentiary. The further finding of the jury that the property was of less value than twenty dollars was out of place and mere surplusage.

The defendant was indicted, tried, and convicted for an offense which by the statute as it now reads is a felony, and he was clearly entitled to the benefit of the statute which provides that one accused of a felony shall be personally present during his trial. For the error in proceeding in the absence of the defendant with a stage of his trial for a felony, the judgment must be reversed and a new trial awarded.

For the purpose of a new trial it is perhaps well to call attention to the fact that the only property sufficiently described in the indictment is '150 coupons detached from passenger tickets issued by the Chesapeake and Ohio Railway Company for passage between Durbin station and Cass station of said railway', and that proof only of the obtaining of these particular coupons is admissible. On the former trial evidence of the obtaining of other coupons was let in. The defendant did not except, but in fairness and regularity the trial should be made to conform to the allegations of the indictment.

*Reversed, and new trial awarded.*