## CHARLESTON.

STATE *v.* R. L. MARTIN

(No. 5834)

Submitted April 12, 1927.   Decided April 19, 1927.

FALSE PRETENSES—*Specific Punishment Provided by False Pretenses Statute and Not Punishment for Ordinary Larceny Must be Applied for Obtaining Property by False Pretenses (Code, c. 145, § 23).*

Although Section 23, Chapter 145, Code, provides that a person obtaining property by false pretenses shall be deemed guilty of larceny, the specific punishment therein prescribed (not exceeding five years in the penitentiary), and not the punishment for ordinary larceny, is applicable in such case.

(False Pretenses, 25 C. J. § 97.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Summers County.

R. L. Martin was convicted of larceny, and he brings error.

*Reversed and remanded.*

*Thomas N. Read* and *Thos. Leigh Read,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, R. L. Martin was tried and convicted upon an indictment charging him with the larceny of $47.10 belonging to C. C. Lane. Martin obtained the money from Lane by endorsing and delivering to him a draft payable to ''R. L. Martin'', which the defendant had received through the mail. The draft was intended for R. T. Martin, and as shown on the face thereof, was issued in payment for certain railroad ties sold and delivered by him to the Mercereau-Hawkins Tie Company. The defendant, who lived in Summers county, left the day he negotiated the draft to Lane for Staunton, Virginia, where he remained until arrested on the charge and returned to this State.

Lane testified that the defendant represented to him at the time he cashed the draft that he was running a saw mill in Summers county and had been delivering ties on the railroad. This statement was untrue. The defendant testified he thought the draft had been sent to him through an arrangement with R. E. Lucas, who then owed him about $50.00, pursuant to a promise made by Lucas to him several days previously. Lucas was not called as a witness.

The grounds relied on for reversal are: (1) the evidence does not show that the defendant indorsed and delivered the draft with criminal intent; and (2) his punishment of seven years in the penitentiary is excessive, in contemplation of Section 5, Article III of the State Constitution.

The intent of the defendant was, under the evidence, a question for the jury.

The prosecuting witness having parted with the title as well as the possession of his property, the act of the defendant in acquiring the same by pretenses found by the jury to be false constitute the crime of obtaining property under false pretenses. *State* v. *Edwards,* 51 W. Va. 220, 41 S. E. 429, 59 L. R. A. 465. ''The distinction between the crimes of obtaining by false pretense and larceny lies in the intention with which the owner parts with the property. If the owner in parting with the property intends to invest the accused with the title as well as the possession the latter has committed the crime of obtaining the property by false pretense. But if the intention of the owner is to invest the accused with the mere possession of the property, and the latter with the requisite intent receives it and converts it to his own use, it is larceny.'' 25 C. J. 657.

Section 23, Chapter 145, Code, (in part) reads:

> ''If any person obtain from another, by any false pretense, token or representation, with intent to defraud, money, goods or other property which may be the subject of larceny, or if he obtain from another any money, goods or other property, which may be the subject of larceny, on credit, by representing that there is money due him, or to become due him, and shall assign his claim for such money, in writing, to the person from whom he shall obtain such money, goods or other property, and shall afterwards collect the same without the consent of such assignee, with intent to defraud, he shall in either case be deemed guilty of larceny; or if any person obtain by any false pretense, token or representation, with intent to defraud, the signature of any other person to a writing, the false making whereof would be forgery; every person so offending against any of the provisions of this section shall, upon conviction thereof, be confined in the penitentiary not less than one nor more than five years, or at the discretion of the court be confined in jail not more than one year and be fined not exceeding five hundred dollars.''

Although the statute provides that a person obtaining property by false pretenses shall be deemed guilty of larceny, the

specific punishment therein prescribed, (not exceeding five years in the penitentiary), and not the punishment for ordinary larceny, is applicable in such case.  *State* v. *Grove*, 74 W. Va. 702, 82 S. E. 1019.

The judgment is therefore excessive and must be reversed, and the case remanded for the entry of a proper judgment.

*Reversed and remanded.*