STATE OF WEST VIRGINIA *v.* FRANK MARTIN

(No. 8735)

Submitted April 26, 1938.    Decided June 14, 1938.

230

*B. T. Clayton* and *H. B. Lee,* for plaintiff in error.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, PRESIDENT:

On this writ of error there is brought under review the conviction in the circuit court of Putnam County of Frank Martin under an indictment for malicious wounding. Sentence of three years' pententiary confinement was imposed.

The defendant's sole ground for reversal in this court is the alleged non-compliance in the trial court with the following statutory provision: "A person indicted for felony shall be personally present during the trial therefor." Code, 62-3-2.

From the record it appears that after the defendant was arraigned on the indictment and had entered a plea of not guilty, he was absent in an ante-room to the court chamber during the time that the clerk of the court called a panel of twenty jurors, placed them in the jury box, swore them on their *voir dire,* and the examination of the jurors on their *voir dire* was proceeded with at some length by the court. Upon ascertainment by the court that the defendant was absent from the courtroom, the *voir dire* examination was suspended, the defendant was immediately brought into the courtroom, the jury re-sworn in his presence and the examination of the jurors as to their qualifications was begun anew. The record does not disclose that either the defendant or his counsel was at that time advised what had transpired in the courtroom while they were absent therefrom.

Under the above statute, which has been in effect since the organization of the state, this court has consistently held that in felony cases, the accused must be present in his own proper person from the inception of the trial upon the indictment to the final judgment, inclusive, when anything is done affecting him, and the record must show his presence. Different trial incidents have given rise to the

several decisions, respectively, but in each of the cases here cited, the statute has been held to be imperative in its requirements. Consult: *Younger* v. *The State,* 2 W. Va. 579, 98 Am. Dec. 791; *State* v. *Conkle,* 16 W. Va. 736; *State* v. *Greer,* 22 W. Va. 800; *State* v. *Parsons,* 39 W. Va. 464, 19 S. E. 876; *State* v. *Sheppard,* 49 W. Va. 582, 39 S. E. 676; *State* v. *Sutter,* 71 W. Va. 371, 76 S. E. 811, 43 L. R. A. (N. S.) 399; *State* v. *Grove,* 74 W. Va. 702, 82 S. E. 1019; *State* v. *Snider,* 81 W. Va. 522, 94 S. E. 981; *State* v. *Howerton,* 100 W. Va. 501, 130 S. E. 655.

In the opinion in the *Howerton* case, there is a summarization of most of the preceding cases. The purpose of the statute is to preserve inviolate for an accused person his right and privilege of seeing and hearing what transpires at his trial, and it is to be noted that the statute makes no exception even of an occurrence which might seem to be trivial and unimportant. In the instant case, however, the thing which happened in the absence of the defendant was in no sense inconsequential. The *voir dire* examination of a jury is of basic importance to a person about to be tried under a felony indictment. If, on the *voir dire,* started in the absence of a defendant, something happens which is prejudicial to him, the prejudice is not eradicated by starting over again after he has been brought back into the courtroom.

Standing apart from the above cases are two of our decisions which deal with the subject of temporary absence from the courtroom of one on trial for a felony, wherein a different result was reached from that which attended the other cases. The two cases are *State* v. *Lucas,* 103 W. Va. 743, 138 S. E. 393, and *State* v. *McHaffa,* 110 W. Va. 266, 157 S. E. 595. Each of these cases was differentiated from the general line because of the nature of the facts involved. In the *McHaffa* case there was brief discussion by counsel with the trial judge, in the absence of the defendant, of an instruction tendered by the defendant, afterwards given by the court to the jury, requiring the jury to acquit him of murder in the first

degree. This court held that in the circumstances it was so manifest that there was no possibility of prejudice to the defendant in what happened in his absence that the occurrence was to be deemed not one within the inhibition of the statute. In the *Lucas* case, the court said that the placing of a trial jury in the box, after a full panel of twenty has been properly examined on its *voir dire* and strikes therefrom regularly made, is an act on the part of the clerk which strictly is not a part of the trial as contemplated by Section 2 of Chapter 159 of the Code of 1923, now Code 1931, 62-3-2, and therefore the rendering of such service by the clerk in the defendant's absence did not come under the ban of the statute quoted.

We are of opinion that the case at bar does not come within the principle of either of the last two cases, nor within any other principle which would take it out of the line of cases herein first above set forth. Therefore, because of non-compliance with the statute requiring the presence of the accused, the judgment is reversed, the verdict set aside, and the case remanded.

*Reversed and remanded.*