MAGLIONE, APPELLANT, *v.* WOJNO, APPELLEE.

(Decided December 8, 1939.)

*Messrs. Ferbstein & Sicherman,* for appellant.
*Mr. P. J. Ballard,* for appellee.

STEVENS, J. On August 19, 1938, Chick Maglione, as plaintiff, filed his action in the Municipal Court of Akron against Walentyne Wojno, as defendant, to re-

cover the sum of $113.40, which amount the plaintiff, allegedly a real estate broker, claimed to be due him as a commission for producing a tenant for a parcel of real estate owned by the defendant.

In the Municipal Court a judgment for the amount claimed was entered on September 27, 1938.

On October 5, 1938, a notice of appeal on questions of law was filed in the Municipal Court, and an appeal bond in the sum of $300 was also filed upon that date.

On October 7, 1938, a bill of exceptions was filed in the Municipal Court, to which bill of exceptions objections were filed on October 8, 1938, which objections were thereafter sustained and the bill of exceptions amended by the trial court.

On October 24, 1938, a petition in error, together with a waiver of the issuance and service of summons in error, was filed in the Court of Common Pleas.

On October 26, 1938, a præcipe for the issuance of a transcript was filed in the Municipal Court.

The cause came on for hearing before the Court of Common Pleas, and that court reversed the judgment of the Municipal Court, for the reason that the evidence of plaintiff showed that he did not have a valid license as a broker to carry on real estate business from his then business location, as required by Section 6373-26 et seq., General Code.

A notice of appeal on questions of law was then duly filed in the Court of Common Pleas on April 20, 1939, and the appeal is before this court, seeking to reverse the judgment of the Court of Common Pleas, which judgment was entered on April 7, 1939.

It is contended by the appellant that the filing of the petition in error constituted an abandonment of the appeal taken from the Municipal Court to the Common Pleas Court, and that the journal entry filed in the Common Pleas Court shows that the cause came on for hearing upon the petition in error, the transcript

of original papers, etc.; and further that, inasmuch as there is no legal justification for an error proceeding since the repeal of the old statutes governing error proceedings and the enactment of the new Appellate Procedure Act, the Court of Common Pleas was without jurisdiction to entertain the appeal.

Under the new Appellate Procedure Act, the only jurisdictional step necessary to be taken by an appellant, in order to perfect his appeal, is the filing of a notice of appeal within the statutory time after the entry of judgment or overruling of the motion for a new trial, as the case may be. That step was taken by the appellant in this case, and the Common Pleas Court was thereby vested with jurisdiction to hear and determine the appeal. The filing of the petition in error, together with the waiver, should, in our judgment, be considered merely the equivalent of the filing of an assignment of errors, as provided for by the new Appellate Procedure Act. The gratuitous filing of a pleading not contemplated, nor provided for, by the new appellate act cannot, in our judgment, be considered to divest the reviewing court of power to hear and determine an appeal which has been properly perfected. We therefore conclude that the Court of Common Pleas had jurisdiction to hear and determine the appeal under consideration.

It is obvious that, had the plaintiff complied with the law governing real estate dealers' licenses, he would have been entitled to a judgment for the commission which he sought to recover. However, his own evidence shows a nonconformance with the provisions of the statute governing real estate brokers' licenses, and Section 6373-48, General Code, specifically provided, at the time the cause of action arose and at the time the case was tried in the Municipal Court, that "No right of action shall accrue * * * for the collection of compensation for the performance of the

acts mentioned in Section 1 of this act [Section 6373-25, General Code] without alleging and proving that such person, firm or corporation was duly licensed as a real estate broker or a real estate salesman, as the case may be, *at the time the cause of action arose.*" (Italics ours.)

Section 6373-36, General Code, provided:

"* * * In case of any change of business location, notice in writing shall be given to the state board of real estate examiners, whereupon such board shall issue a new license or licenses for the unexpired period without charge. A change of business location without such notice and the issuance of such new licenses, shall automatically cancel the licenses theretofore issued, and affected thereby. * * *"

We are aware that these sections have been amended since this cause of action arose.

Maglione, under the provisions of the act, was not a real estate broker, duly licensed at the time his cause of action against the defendant arose, and therefore the Court of Common Pleas could not have properly entered any judgment other than that which it did enter.

The judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and DOYLE, J., concur.