**Urbie Pennington RODGERS, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–13803.**

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1966.

Urbie Pennington Rodgers, pro se.

Hugh M. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

On the 23rd day of June, 1965, Urbie Pennington Rodgers, after having entered a plea of guilty in the District Court of Tulsa County, Case No. 21,208, to a charge of Burglary in the Second Degree, After Former Conviction of a Felony, was sentenced to serve a term of three years im-

prisonment in the State Penitentiary at Mc-Alester.

A Petition in Error with transcript attached, was filed with the Clerk of this Court on September 20, 1965, and thereafter the State, by and through the Attorney General, filed a Motion to Dismiss the attempted appeal by transcript. It is the State's position:

"That the transcript of the record fails to show that plaintiff in error gave notice of intent to appeal in writing within 10 days after judgment and sentence or at any time.

That the only errors alleged in the petition in error are:

'1. That the sentence was excessive.

2. Irregularity in proceedings.'

That inasmuch as plaintiff in error pleaded guilty and that such alleged errors could be shown only by case-made and are not shown in the transcript of the record, it is manifest that this attempted appeal is without merit and for the purpose of delay only."

An examination of the transcript in the instant case fails to disclose that notice in writing of Urbie Pennington Rodgers' intent to appeal to this Court was entered at the time of rendition of judgment and sentence, or within 10 days thereafter. We have repeatedly held that while an appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

Under the provisions of Title 22 Okl.St.Ann. § 1060, in order to perfect an appeal from a judgment of conviction in a criminal case, it is mandatory that notice of intent to appeal and request for transcript, both in writing, be given in open court at the time of judgment and sentence, or within ten days thereafter.

We are of the opinion, and therefore hold, that the judgment and sentence

rendered in District Court Case No. 21,208, became final on the 4th day of July, 1965 when Rodgers failed to give notice in writing of his intent to appeal and request transcript in writing within the 10 days provided by law, and that this Court could not thereafter acquire jurisdiction to entertain said appeal.

We are of the opinion, and therefore hold, that the attempted appeal by transcript should be, and the same is hereby, dismissed.

NIX and BRETT, JJ., concur.