Billy Eugene CROWNOVER, Petitioner,

v.

The STATE of Oklahoma, and the District Court of Cleveland County, State of Oklahoma, Respondents.

No. A-13649.

Court of Criminal Appeals of Oklahoma.

April 28, 1965.

Billy Eugene Crownover, pro se.

Preston A. Trimble, County Atty., and Irby Taylor, Asst. County Atty., Cleveland County, Norman, for respondent.

BRETT, Judge.

Billy Eugene Crownover files his petition in this Court seeking a writ of mandamus requiring the district court of Cleveland County, Oklahoma to furnish him a case made in case No. 4485 in said court, at public expense.

Petitioner alleges that on December 7, 1964 he entered a plea of guilty to a charge of attempted rape in the first degree and was sentenced to serve ten years in the state penitentiary. He contends that he is being deprived of the right to test the legality of his conviction and sentence; and further states that: "Petitioner feels that his attorney did not proceed with his case in the proper manner, therefore petitioner feels that he did not have his day in court".

In response to this petition the county attorney of Cleveland County alleges that this petitioner entered pleas of guilty to the offenses of receiving stolen property, and attempted rape in the first degree on December 7, 1964; that no evidence was offered or admitted at the time judgment was rendered, and that a case made would consist of no more than a transcript of the proceedings in the court files; and that the court clerk has heretofore prepared and provided petitioner with a certified copy of all pleadings and court minutes in both of said cases. The respondent further shows that petitioner was represented by counsel throughout the proceedings, and further that defendant did not give notice of his intention to appeal either at the time judgment was rendered, or within ten days thereafter.

By statute it is provided that a party desiring to appeal to the Court of Criminal

Appeals shall give notice in open court of such intent, either at the time the judgment is rendered or within ten days thereafter (22 O.S.A. § 1055); and this Court has repeatedly held that notice of intention to appeal in the manner and within the time provided by statute is jurisdictional.

■ It appearing to the Court that said petitioner has heretofore been furnished a certified transcript of the proceedings had in his case; that no testimony was offered, that petitioner was present in court and represented by counsel, the Court finds this petitioner is not entitled to have a case made furnished at the expense of Cleveland County, especially in view of the fact that appeal could have been perfected by transcript furnished petitioner, provided the proper notice of appeal had been filed.

The Court further finds that notice of intention to appeal not having been given within the time provided by statute, it would have been necessary to dismiss such appeal, had the same been filed.

■ Moreover, the "oath of forma pauperis" attached to the petition filed herein does not meet the requirements of the Oklahoma statute. Tit. 20 O.S.A. § 111.

For the reasons herein stated, the writ of mandamus is denied, and the petition dismissed.

BUSSEY, P. J., and NIX, J., concur.