Thomas SCOTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13621.

Court of Criminal Appeals of Oklahoma.

May 12, 1965.

Waldo E. Jones, Tulsa, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

On the 13th day of January, 1965, there was filed in this Court a purported appeal from the Municipal Criminal Court of the City of Tulsa where Thomas Scott, plaintiff in error, was charged, tried and convicted for the offense of actual physical control of a motor vehicle while under the influence of intoxicating liquor.

No brief has been filed on behalf of the plaintiff in error within the time prescribed by the rules of this Court or any valid extension thereof.

On March 15, 1965, the defendant in error filed a motion to dismiss for the reason that no notice of intention to appeal to the Court of Criminal Appeals was filed in the trial court by the plaintiff in error as required by Title 22 O.S.1961, § 1055.

This matter was set for oral argument on the 5th day of May, 1965. No response was filed on behalf of the plaintiff in error, nor was an appearance made at said hearing. This matter was submitted on the motion to dismiss and the record.

An examination of the case made discloses that it does not contain a notice of intent to appeal to the Court of Criminal Appeals.

By statute it is provided that a party desiring to appeal to the Court of Criminal

Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter. An appeal to the Court of Criminal Appeals must be taken in the manner prescribed by statute and notice of appeal made in the manner and within the time prescribed by statute is jurisdictional.

It appearing to the Court that the plaintiff in error having failed to give notice of his intention to appeal in open court at the time of rendition of judgment and sentence, or in writing within ten days thereafter, we are of the opinion that this Court has never acquired jurisdiction, and that the motion of the defendant in error to dismiss, should be, and the same is hereby sustained.

Motion to dismiss sustained and appeal dismissed.

NIX and BRETT, JJ., concur.