**William Dallas HOWARD, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13861.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1966.

Rehearing Denied June 20, 1966.

---

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

NIX, Judge.

William Dallas Howard, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Robbery with Firearms, After Former Conviction of a Felony. He was tried by a jury, found guilty, and sentenced to Fifteen Years in the penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

This cause was filed in this Court on November 12, 1965. Brief of Plaintiff was due to be filed Thirty Days thereafter. No brief was received, nor any request for an extension of time, therefore, on December 14, 1965, this cause was summarily submitted for opinion in accordance with Rule 6 of this Court, by order of the Presiding Judge.

Upon an examination of the record, it appears to the Court that judgment and sentence was rendered on May 25, 1965. Under the new statute, the defendant was required to give written notice of his intention to appeal, and written request for case-made, within ten days of rendition of judgment and sentence. Thereafter, defendant would automatically have Six months (6) in which to file his appeal without requirement of any further extensions of time. Title 22, O.S.A., § 1054, § 1060, effective May 19, 1965.

This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statutes prescribing the manner in which an appeal can be taken is mandatory.

Inasmuch as no written notice of intent to appeal or request for casemade was given within the time prescribed by law in the instant cause, this Court never acquired jurisdiction; and the judgment and sentence should have been carried out on June 4, 1965. The attempted appeal is hereby dismissed.

BUSSEY, P. J., and TOM BRETT, J., concur.