Charles CHASTAIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13886.

Court of Criminal Appeals of Oklahoma.

April 13, 1966.

Rehearing Denied June 20, 1966.

Mandate Recalled and Evidentiary Hearing Ordered July 20, 1966.

Clay Wise, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

NIX, Judge.

This is an attempted appeal from the District Court of Oklahoma County by Charles Chastain, Plaintiff in Error, wherein he was convicted of the crime of Embezzlement and sentenced to Three Years in the penitentiary.

On December 23, 1965, counsel for plaintiff in error filed with the Clerk of this Court a "Petition in Error" only. No casemade or transcript was attached, nor has been filed to date. Brief of plaintiff in error was due to be filed by January 23, 1966. No request for extension of time was received by this Court, nor has a brief been filed. On March 31, 1966, this Court summarily submitted this cause in accordance with Rule 9 of the Court of Criminal Appeals, 22 O.S.Supp.1965, c. 18 Appendix, for review for fundamental error only. Since no casemade or transcript has been filed, there is nothing for this Court to review. This Court recently held, in the case of Crownover v. State, Okl.Cr., 401 P.2d 536:

> "An appeal is perfected in the Court of Criminal Appeals by filing a petition in error with a duly certified casemade attached, or by filing a petition in error with a duly certified transcript of the record attached."

And, further, in Cooper v. State, Okl.Cr., 284 P.2d 750:

> "An appeal from a conviction for a felony must be taken in substantial compliance with the provisions of Title 22, O.S.1951, §§ 1059 and 1060, and where a person is convicted for a felony and appeal is attempted to be prosecuted to this court by petition in error, to which is attached neither casemade nor a transcript of the proceedings of the record in the trial court, the attempted appeal will be dismissed."

This Court has no alternative but to dismiss the attempted appeal, and instruct that the judgment and sentence of the trial court is affirmed.

BRETT, J., concurs.

BUSSEY, P. J., absent, not participating.