STATE OF WEST VIRGINIA

*v.*

WILLARD B. LEGG

(No. 12567)

Submitted October 11, 1966. Decided November 22, 1966.

*Eugene T. Hague, Charles H. Rudolph, Jr.,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for defendant in error.

CALHOUN, JUDGE:

This case is before the Court on a writ of error to the final judgment of the Circuit Court of Wirt County. Willard B. Legg, the appellant, was convicted by the jury in a trial upon an indictment which charged him with the larceny of United States currency of the value of $64.32 of the money, goods, effects and property of the Board of Education of Wirt County.

At the time the offense is alleged to have been committed, Willard B. Legg was employed by the Board of Education of Wirt County as a teacher and as assistant principal of Wirt County High School. He was also employed by the board of education, pursuant to a "homebound teaching" program, to teach certain high school subjects to Linda Lou Brohard at her home in Wirt County after regular school hours. Linda Lou Brohard was unable to attend high school because she was afflicted with muscular dystrophy.

The appellant was convicted on the basis of evidence introduced at the trial to prove that he received compensation in the sum of $64.32 from the board of education as a consequence of his representation that he taught Linda Lou Brohard at her home during the month of March, 1962, when, as a matter of fact, such representation was wholly false.

Code, 1931, 61-3-24, provides that if any person "* * * obtain from another, by any false pretense, token or representation, with intent to defraud, money, goods or other property which may be the subject of larceny * * * he shall * * * be deemed guilty of lar-

ceny; * * * and, upon conviction, shall be confined in the penitentiary not less than one nor more than five years, * * *." The sentence imposed upon the appellant by the Circuit Court of Wirt County on October 7, 1965, was an indeterminate sentence of one to five years pursuant to the statute quoted above. The sentence of one to five years is a proper sentence in such circumstances, notwithstanding the fact that it is provided by Code, 1931, 61-3-13, as amended, that one convicted of grand larceny "shall * * * be confined in the penitentiary not less than one nor more than ten years; * * *." *State v. Martin*, 103 W. Va. 446, 137 S. E. 885; *State v. Grove*, 74 W. Va. 702, pt. 2 syl., 82 S. E. 1019.

After a writ of error was granted and after the case had been placed on the docket for argument, the State of West Virginia, by counsel, pursuant to Rule IX of the rules of this Court, filed in the office of the clerk of this Court on September 12, 1966, a motion to dismiss the "writ of error and appeal" as having been improvidently awarded, by reason of the failure of the appellant to comply with the provisions of Code, 1931, 58-5-4, as last amended by Chapter 9, Acts of the Legislature, Regular Session, 1965. The statute in question is quoted immediately below, the second paragraph, added by the 1965 amendment, being the precise portion of the statute upon which the motion is based:

"No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the state be a party thereto or not, which shall have been rendered or made more than eight months before such petition is presented.

"In criminal cases no petition for appeal or writ of error shall be presented unless a notice of intent to file such petition shall have been filed with the clerk of the court in which the judgment or order was entered within sixty days after such judgment or order was entered. The notice shall fairly state the grounds for the petition without restrict-

ing the right to assign additional grounds in the petition.''

Counsel for the appellant filed an ''answer'' to the motion asserting: (1) That the provisions of the statute are not jurisdictional; and (2) that even if such provisions are jurisdictional, the appellant has substantially complied with them. Questions arising upon the motion were submitted to the Court upon written briefs and oral arguments of counsel at the same time the case was argued orally and submitted for decision upon its merits.

The appellate jurisdiction of this Court in criminal cases is conferred by Article VIII, Section 3 of the Constitution of West Virginia in the following language: ''* * *It shall have appellate jurisdiction in criminal cases where there has been a conviction for felony or misdemeanor in a circuit court, and where a conviction has been had in any inferior court and been affirmed in a circuit court, * * *, and such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law.''

The Constitution does not define the procedure for appeal from a circuit court to this Court. The authority to do so has been left to the legislature. 4 C.J.S., Appeal and Error, Section 8, page 73. The procedure, as prescribed by the legislature, is defined in Article 5 of Chapter 58, Code, 1931, as amended. Section 1 enumerates the types of cases in which one may obtain from this Court, or from a judge thereof in vacation, an appeal from, or a writ of error or supersedeas to, a judgment, decree or order of a circuit court. Section 3 provides for the presentation of a petition, assigning errors, in this Court by a person wishing to obtain a writ of error, appeal or supersedeas in the cases enumerated in the first section. Then follows Section 4 which, as amended and reenacted in 1965, has been quoted previously in this opinion.

One convicted of a criminal offense is not entitled to a writ of error as a matter of right. The Constitution

and statutes create an absolute right merely to apply for a writ of error. Constitution, Article VIII, Section 6; *Linger v. Jennings,* 143 W. Va. 57, 99 S. E. 2d 740. It has been held in a civil case that "An appeal was unknown to the common law." *Wingfield v. Neal,* 60 W. Va. 106, pt. 1 syl., 54 S. E. 47. The third point of the syllabus in *Fleshman v. McWhorter,* 54 W. Va. 161, 46 S. E. 116, is as follows: "There is no absolute right in a suitor to have a decision against him reviewed, which must be respected in making laws; and, in the absence of a constitutional inhibition, it is within the power of the Legislature to prescribe the cases and the courts in which parties shall be entitled to appellate remedies." "The right of appeal or review is not essential to due process, provided due process has already been accorded in the tribunal of first instance. * * *." 16 Am. Jur. 2d, Constitutional Law, Section 584, page 989. See also *State ex rel. Burchett v. Taylor,* 150 W. Va. 702, 706, 149 S. E. 2d 234, 236; 4 Am. Jur. 2d, Appeal and Error, Section 1, page 533; 1 M.J., Appeal and Error, Section 24, page 506. "A right of review in criminal cases by an appellate court is not a necessary element of due process of law, and it is wholly within the discretion of each state to refuse it or to grant it on terms, provided it does not deny an appeal to certain persons while granting it to other persons similarly situated. * * *." 16A C.J.S., Constitutional Law, Section 594, page 688. "In general, the right of review in a criminal case pertains merely to the remedy and is not a natural, inherent, or vested right. * * * . In order to obtain a review of a judgment of conviction, accused must resort to the remedies given either by the common law or by statute, and must comply with the procedural requirements prescribed by statute." 24 C.J.S. Criminal Law, Section 1626, pages 938-39. In *McCue v. Commonwealth,* 103 Va. 870, 49 S. E. 623, the court held that in a criminal case a review by an appellate court is "no part of 'due process of law.'"

"Appellate jurisdiction is. derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." 4 Am. Jur. 2d, Appeal and Error, Section 4, page 535. To the same effect, see *State v. Shumate*, 48 W. Va. 359, 37 S. E. 618. The legislature has enacted various statutes to prescribe procedure for appeal to this Court. The amendatory language here in question was made a part of the statute which prescribes a maximum period of eight months for appeals to this Court from circuit courts. Identical amendatory language was inserted by the legislature at the same session in Code, 1931, 58-4-4, as amended, which prescribes a maximum period of four months for appeals to circuit courts from courts of limited jurisdiction. See Chapter 9, Acts of the Legislature, Regular Session, 1965. The eight months appeal period in one statute and the four months appeal period in the other statute have been applied literally and strictly. The appellate court does not acquire jurisdiction and cannot entertain an appeal unless the appeal petition is filed within the prescribed appeal period. An appeal or a writ of error granted upon a petition not presented within the prescribed appeal period will be dismissed as having been improvidently awarded. *State ex rel. Davis v. Boles, Warden,* [decided November 1, 1966,] 151 W. Va. 221, 151 S. E. 2d 110; *Sothen v. Continental Assurance Co.,* 147 W. Va. 458, pt. 1 syl., 128 S. E. 2d 458; *State v. McLane,* 128 W. Va. 774, pt. 1 syl., 38 S. E. 2d 343. See also *Delardas v. Morgantown Water Commission,* 148 W. Va. 318, 320, 134 S. E. 2d 889, 890.

Other statutes governing appeals to this Court have been held to be mandatory. The time limits prescribed by Code, 1931, 56-6-35, and 56-6-36, for obtaining bills of exceptions or certificates in lieu thereof have been held in many cases to be jurisdictional. *Lester v. Rose,* 147 W. Va. 575, 130 S. E. 2d 80, and prior cases therein referred to. Code, 58-5-17, as amended, provides: "* * * And should the appellant or plaintiff

in error fail for three months after his case has been docketed in the court of appeals to deposit with the clerk of the said court, the sum estimated by said clerk, to pay for the printing or other reproduction of the record, he shall be deemed to have abandoned his appeal or writ of error and the same shall be dismissed; * * *.'' This language has been held to be mandatory. *Gaines v. Stovall,* 114 W. Va. 282, 171 S. E. 646; *Huffman v. Gwinn,* 104 W. Va. 328, 140 S. E. 50. Code, 58-5-16, provides that an appeal, writ of error or supersedeas shall be dismissed if a bond is not executed within the time prescribed therein. This provision also has been held to be mandatory. *Scott v. Coal & Coke Railroad Co.,* 70 W. Va. 777, 74 S. E. 992. In a somewhat analogous situation, in *Boggs v. Settle,* 150 W. Va. 330, pt. 1 syl., 145 S. E. 2d 446, the Court held: ''The requirement of Rule 59(b) of the Rules of Civil Procedure that a motion for a new trial shall be served not later than ten days after entry of the judgment is mandatory and jurisdictional. The time required for service of such a motion cannot be extended by the court or by the parties.''

We are of the opinion that the statutory language in question is clear, unambiguous and mandatory. The statute provides that ''no petition for appeal or writ of error shall be presented * * *'' unless a notice of intent to file such petition shall have been filed with the clerk within sixty days. The phrase, ''no petition for appeal or writ of error shall be presented,'' is almost identical with the language in the same statute dealing with the eight months period of limitations, and as, has been noted previously herein, this time limit for appeal has been held to be mandatory and jurisdictional.

Because of the difference in the language of similar requirements prescribed in other jurisdictions by statute or rule of court, it is difficult to find an exact case in point among decisions of other appellate courts. We believe, however, that the following cases sustain our view that the statutory language here in

question must be regarded as mandatory and jurisdictional: *Skeens v. Commonwealth*, 192 Va. 200, 64 S. E. 2d 764; *In re Del Campo*, 55 Cal. 2d 816, 13 Cal. Rep. 192, 361 P. 2d 912; *State ex rel. Reid v. District Court*, 126 Mont. 489, 255 P. 2d 693; *Houston v. State*, (Okla. Cr.) 409 P. 2d 377; *Hickman v. State*, (Okla. Cr.) 415 P. 2d 195; *Howard v. State*, (Okla. Cr.) 415 P. 2d 202; *City of Seattle v. Buerkman*, (Wash.) 408 P. 2d 258; *Crownover v. State*, (Okla. Cr.) 401 P. 2d 536; *Scott v. State*, (Okla. Cr.) 401 P. 2d 1004; *Rodgers v. State*, (Okla. Cr.) 411 P. 2d 558; *Brooks v. Miami Bank & Trust Co.*, 115 Fla. 141, 155 So. 157; *Barney v. Platte Valley Public Power and Irrigation District*, 144 Neb. 230, 13 N. W. 2d 120; *Maglione v. Wojno*, 63 Ohio App. 223, 25 N. E. 2d 946; *United States v. Robinson*, 361 U.S. 220, 80 S. Ct. 282, 4 L. Ed. 2d 259; *John, Guardian, v. Paullin*, 231 U.S. 583, 34 S. Ct. 178, 58 L. Ed. 381; *Fennell v. United States*, 339 F. 2d 920 (10th Cir.); *Bueiz-Karma v. United States*, 336 F. 2d 66 (1st Cir.).

We are of the opinion and accordingly the Court holds that the statutory language in question is clear, unambiguous and mandatory; that the requirement that a notice of intent to file a petition for appeal or writ of error be filed with the clerk of the court within sixty days after entry of the judgment or order appealed from is jurisdictional; and that the appellant in this case failed to comply with the mandatory jurisdictional requirement of the statute. Therefore, the motion is sustained and the writ of error is dismissed as having been improvidently awarded.

Judges Browning and Calhoun agree that the statutory requirement here in question is jurisdictional. They believe, however, that the jurisdictional requirement relates primarily to the sixty-day period and that a substantial compliance with the mere procedural matters relating to compliance with the statute, such as the nature and form of the notice, should suffice. They are of the opinion that there has been a substantial compliance in this case inasmuch as, wholly

within the sixty-day period, the appellant filed his motion for a new trial which assigned twenty-one grounds in support of the motion, being the same or substantially the same grounds assigned in the petition to this Court for a writ of error; the appellant indicated his purpose to appeal to this Court and was granted a stay for that purpose; the court reporter completed a transcript of the evidence and trial proceedings which was duly authenticated by his certificate and signature; and a certificate in lieu of a bill of exceptions, making the evidence a part of the record, was duly executed. They would hold that the appellant substantially complied with the statute in question and, therefore, they would overrule the motion to dismiss and decide the case on its merits.

For reasons stated, the motion to dismiss is sustained and the writ of error is dismissed as having been improvidently awarded.

*Writ of error dismissed as improvidently awarded.*