**Elmer R. SAYLOR, Petitioner,**

v.

**Frank B. KING, Warden of the West Virginia Medium Security Prison, Respondent.**

**Civ. A. No. C–67–67–E.**

United States District Court
N. D. West Virginia.

Aug. 2, 1967.

No attorney for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner Elmer R. Saylor was convicted by a jury and sentenced to an indeterminate term of not less than one nor more than ten years on November 1, 1966, in the Circuit Court of Wood County, West Virginia. He seeks federal habeas corpus on the sole ground that he was denied the right to counsel on appeal.

In support of his claim Saylor alleges that he was refused counsel for appeal by the state trial court. Included with the petition as an exhibit is a copy of a letter to Petitioner from the trial court's secretary, dated March 27, 1967, advising Saylor that he should request counsel for appeal from the West Virginia Supreme Court of Appeals.

Instead of following that advice Petitioner abandoned his effort to secure an appeal and filed a petition for a writ of habeas corpus in the West Virginia Supreme Court on April 14, 1967, alleging as one of his grounds that he had been denied counsel for appeal by the state trial court. This petition was de-

nied on May 1, 1967. A copy of that petition and the order denying it were included with the petition filed in this Court.

On the basis of the petition and accompanying exhibits alone this Court might have dismissed Saylor's claim, since the trial court's advice to request an attorney from the appellate court was made well within the eight months appeal period, and the failure to follow that advice would seem to rest solely with Petitioner.

However, since Petitioner has further alleged that he had made a request for appellate counsel at his sentencing,[1] this Court needed to determine whether the necessary procedural steps for appeal in West Virginia were taken in time to enable Saylor to perfect an appeal. For example, a notice of intent to appeal must be filed with the trial court within sixty days of judgment. See State v. Legg, W.Va., 151 S.E.2d 215 (1966). Conceivably, the delay in replying to Saylor's request for counsel had effectively prevented him from perfecting an appeal, with or without counsel. Consequently, this Court issued an order to show cause.

Respondent's answer included an affidavit from Saylor's trial attorney and copies of correspondence between Saylor and the attorney, filed as Respondent's Exhibit Number 3. They indicate that trial counsel had filed a motion for a new trial, a request for a transcript and a notice of intent to appeal. Saylor received his transcript on January 9, 1967, see Respondent's Exhibit Number 4. As of that date, Petitioner was, without doubt, in a position to proceed with his appeal. All the prerequisites to filing a petition for a writ of error had been met.

Saylor's trial counsel also stated in his affidavit that:

> Mr. Saylor did not ask me to prepare an appeal nor did he, in my presence or to my knowledge, request the Judge of the Circuit Court to appoint an attorney to represent him on appeal.

The attorney's statement contradicts Saylor's allegation that the request for counsel on appeal was made at his sentencing. While the correspondence between Saylor and his trial counsel (see especially the letters from Saylor dated December 28, 1966, and May 10, 1967) strongly suggest that a hearing would resolve this factual conflict against Petitioner,[2] this is unnecessary to a decision in this case.

For Respondent's answer makes clear that, when Saylor was advised by the trial court to request counsel for appeal from the appellate court,[3] all the prerequisites for the filing of a petition for a writ of error had been accomplished.

---

1. Although Saylor alleges that he asked for appellate counsel at sentencing, it is interesting, as Respondent points out in paragraph 5 of his answer, that Saylor's formal motion for the appointment of counsel was submitted to the trial court on April 10, 1967, a date afer he had been advised by that court to seek counsel from the apellate court, and the very date that his petition for habeas corpus was subscribed and sworn. This Court believes that Petitioner's good faith has been seriously questioned.

2. Apparently, no transcript of Saylor's sentencing is available. In his rebuttal, Petitioner goes further with his allegation stating that the trial judge told him that trial counsel received only fifty dollars for his efforts as court-appointed counsel and therefore was not required to handle the case on appeal. While a hearing would probably resolve this conflict aganist Petitioner also, there is no need for such resolution.

3. The West Virginia Code is silent on the matter of appointing counsel for indigents *on appeal*. And see Note, Indigents' Waiver of Counsel on Appeal, 68 W.Va.L.Rev. 411, 415 (June, 1966). While it is this Court's understanding that the trial court normally designates appellate counsel in West Virginia, we are not concerned here with determining what constitutes accepted or even correct practice. Assuming that the advice given by the trial court was incorrect, if Saylor had followed that advice, he would have learned the correct way of securing appointed counsel on appeal from the West Virginia Supreme Court.

Saylor's failure to request counsel from the appellate court, indeed his failure to proceed any further with his appeal, make clear that Saylor deliberately by-passed the state appellate process when he sensed or believed he had come upon an issue—the denial of counsel on appeal—which would guarantee him relief in habeas corpus.

An order will be entered dismissing the petition.