I am authorized to state that Chief Justice MILLER joins in this opinion.

403 S.E.2d 739

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Nevil Kirk HAMILTON, Defendant Below, Appellant.**

**No. 19732.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 1991.

Decided March 27, 1991.

J. Montgomery Brown, Marion County Pros. Atty., Fairmont, for appellee.

Jeff Harris, Morgantown, for appellant.

**PER CURIAM:**

Nevil Kirk Hamilton appeals from a final order of the Circuit Court of Marion County which adjudged him guilty, pursuant to a jury verdict, of the crime of aggravated robbery. The appellant contends that the trial court erred by 1) proceeding with jury selection in the appellant's absence and without waiver by the appellant of his right to be present, and 2) imposing a sentence of forty years which the appellant contends

was excessive and disproportionate to the offense committed.[1] We find that the lower court erred by conducting the process of jury selection in the appellant's absence and without an explicit waiver by the appellant of his right to be present. We therefore reverse the decision of the Circuit Court of Marion County and remand this matter for a new trial.

## I.

On November 13, 1985, Vicki Kerns walked from the Middletown Mall in Fairmont, West Virginia, to her automobile parked in the mall parking lot. According to Ms. Kerns' testimony, she was ready to start the engine of her 1981 Chevrolet Luv truck and exit the parking lot when the appellant opened the driver's side door, pointed a gun at her, and ordered her to move over into the passenger seat. Ms. Kerns testified that the appellant then got into the truck, drove out of the mall parking lot, and continued down Route 250, Route 73, and several other local roads. Ms. Kerns testified that she attempted to unlock the passenger door several times during the drive. She finally succeeded in unlocking the door, waited until she saw an inhabited vehicle parked beside the road, and jumped out of the truck. Ms. Kerns testified that the appellant, driving Ms. Kerns' truck, slowed down but made no attempt to recapture her.

After Ms. Kerns contacted the police, Trooper Michael M. Taylor of the West Virginia State Police drove to the Middletown Mall. As he proceeded around the back of the mall, he saw the appellant, whom he recognized from the description given by Ms. Kerns, walking with a jacket draped over his arm. When Trooper Taylor spoke to him, the appellant ran into the mall. After chasing the appellant through the mall, Trooper Taylor, Trooper Douglas C. Lonick of the West Virginia State Police, and Marion County Sheriff's Deputy John R. Harris apprehended him. The search that followed the apprehension revealed a

gun and Ms. Kerns' purse under the appellant's jacket.

In March 1986, a two-count indictment, charging aggravated robbery and kidnapping, was returned against the appellant. Jury selection was held on May 12, 1987. The appellant was not present during jury selection and did not personally waive his right to be present. A jury trial of this matter was conducted before the Circuit Court of Marion County on June 3 through 5, 1987, and the appellant was found guilty of aggravated robbery but not guilty of kidnapping. On September 1, 1987, the appellant was sentenced to a term of forty years in the penitentiary and was ordered to pay $2,476.15 in restitution. Due to incompletion of a trial transcript, the time within which an appeal could be filed was extended, and the trial court resentenced the appellant to provide him with a new eight-month period within which to file an appeal. The appellant was resentenced on May 15, 1990, and the appellant now appeals from the final order.

## II.

West Virginia Code § 62–3–2 (1931), in pertinent part, provides the following: "A person indicted for a felony shall be personally present during the trial therefor." We have strictly interpreted that provision and have stated the following: " 'In a felony case the accused must be present in person from the inception of the trial on the indictment to the final judgment, when anything is done affecting him; and the record must show his presence.' Syllabus, State v. Martin, 120 W.Va. 229 [197 S.E. 727] [1938]." Syl. Pt. 8, State v. Vance, 146 W.Va. 925, 124 S.E.2d 252 (1962); see also Louk v. Haynes, 159 W.Va. 482, 223 S.E.2d 780 (1976). Furthermore, Rule 43(a) of the West Virginia Rules of Criminal Procedure states the following, in pertinent part: "The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury...."

---

1. Because we reverse on the appellant's first assignment of error and remand this case for a new trial, we do not address the appellant's second assignment of error.

In *Martin*, we reversed a defendant's conviction where a jury panel had been sworn and examination of prospective jurors had been conducted in the absence of the defendant. The conviction was reversed despite the fact that the defendant was later brought into the courtroom, the jury was re-sworn, and the examination was begun anew. We stated that "[t]he voir dire examination of a jury is of basic importance to a person about to be tried under a felony indictment." 120 W.Va. at 231, 197 S.E. at 728.

In *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975), we interpreted W.Va.Code § 62-3-2 to require the presence of an individual accused of a felony at every stage of the trial during which his interests may be affected. We further explained that reversible error occurs when anything is done at trial in the accused's absence which may have affected him by possibly prejudicing him. In syllabus point 3 of *Grob*, we stated the following:

> W.Va.Code 1931, 62-3-2 requires that one accused of a felony shall be present at every stage of the trial during which his interests may be affected; and if anything is done at trial in the accused's absence which may have affected him by possibly prejudicing him, reversible error occurs.

In syllabus point 6 of *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977), we held the following:

> The defendant has a right under Article III, Section 14 of the West Virginia Constitution to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless.

In *Boyd*, we noted that the lack of a record regarding what transpired during a hearing held in the defendant's absence created a possibility of prejudice and rendered it impossible for the state to prove beyond a reasonable doubt that the defendant's absence was harmless. 160 W.Va. at 247, 233 S.E.2d at 719.

■ The appellant in the present case contends that the trial court committed reversible error by conducting jury selection in the appellant's absence and without personal waiver by the appellant of his right to be present. The state contends, however, that the absence of the appellant, under the particular circumstances of this case, does not constitute reversible error. At the initiation of the jury selection proceedings on May 12, 1987, the lower court announced that the first case for jury selection was the appellant's case and asked if the appellant was in the courtroom. Upon learning that the appellant was not present, the court asked if the state wanted to make a motion. At that point in the proceedings, the record reveals only that counsel for the state and counsel for the defendant approached the bench and that a discussion was held off the record.[2]

Counsel for the state contends on appeal that trial counsel for the appellant indicated during the unrecorded bench conference that his client was living in Barbour

---

**2.** The record provides the following evidence of the discussion regarding the appellant's absence at jury selection:

THE COURT: The first case for jury selection is the Hamilton case. Can I see the lawyers up here for a minute.

(Whereupon, counsel for the State and counsel for the defendant approached the bench, and a discussion was held off the record out of the hearing of the jury.)

(Whereupon, counsel returned to counsel table, and the following proceedings were resumed in the hearing of the jury as follows:)

THE COURT: Is Nevil Kirk Hamilton in the courtroom? Nevil Kirk Hamilton. (No response.) I ask the bailiff to call his name thrice in the hall.

(Whereupon, the bailiff left the courtroom.)

THE BAILIFF: No response.

THE COURT: Does the State want to make a Motion?

(Whereupon, counsel for the State and counsel for the defendant approached the bench and a discussion was held off the record out of the hearing of the jury.)

(Whereupon, counsel returned to counsel table, and the following proceedings were resumed in the hearing of the jury as follows:)

At that point in the record, the lower court proceeded to jury selection and subsequently through trial without further discussion on the record of the defendant's absence at jury selection.

County and could not be reached by telephone. According to the recollection of counsel for the state, counsel for the appellant requested that the court refrain from issuing a capias and permit jury selection in the appellant's absence. Furthermore, it is the recollection of counsel for the state that counsel for the appellant specifically assured the court that the appellant's absence at jury selection would not be raised as an issue on appeal. According to the representations of counsel for the state, the court has no specific recollection of the conversation which transpired during the unrecorded bench conference.

The appellant contends that he had not, prior to jury selection, been informed of his constitutional and statutory right to be present at jury selection. He further contends that he did not waive his right to be present. He argues that the impaneling of the jury is clearly a critical stage of trial proceedings and that he had a constitutional and statutory right to be present during the selection of the jury of his peers.

■ The state argues that this Court must consider the circumstances of the unrecorded bench conference and the fact that no objection was made to the appellant's absence at jury selection until after sentencing. With regard to the timeliness of the objection to the selection of the jury in the appellant's absence, the state argues that the appellant effectively waived his right to assert the objection by failing to raise it until the appellate stage. Waiver of a defendant's fundamental and constitutional right to be present at every stage of the proceedings against him may be accomplished. It must be achieved, however, by the defendant himself in the form of a knowing and intelligent waiver. In pertinent part of syllabus point 7 of *Grob*, we explained the following:

> Insofar as the decisions in *State ex rel. Boner v. Boles*, ... held that the common-law/statutory right of presence is

inalienable and cannot be waived, such decisions are disapproved; an accused, by declaration and conduct, may waive a fundamental right protected by the Constitution if it is demonstrated that such waiver was made knowingly and intelligently.

In the present case, there is no evidence that the defendant knowingly and intelligently waived his right to be present at jury selection. Such a right is constitutional in nature and fundamental to the defendant's right to a fair trial. It cannot be waived by someone other than the defendant and cannot be considered waived by failure to raise the issue until the appellate stage.[3]

■ Furthermore, the state contends that a litigant may not invite error and then complain about it on appeal. While that may be a compelling argument, the fact that a court may be led into error does not erase the error itself. Even if we were to assume, for instance, that counsel for the appellant intentionally invited the court to proceed without the appellant in order to create grounds for appeal, such deceptive conduct by counsel for the appellant would not erase this error of constitutional magnitude. The constitutional right to be present at jury selection is a right which belongs exclusively to a defendant. It does not belong to counsel for a defendant and cannot be waived by counsel. Likewise, actions by counsel cannot obliterate a defendant's constitutional right to be present and cannot render harmless the error of proceeding in the defendant's absence.

■ The state also asserts that any error was harmless because the appellant was from Barbour County, had no substantial ties with Marion County, and would probably not have known any potential jurors. The state further contends that the appellant was represented by very competent counsel and that the appellant could not

3. *See also State v. Tiller,* 168 W.Va. 522, 285 S.E.2d 371 (1981), wherein we held that voluntary absence will be deemed a waiver of a defendant's right to be present where, in a non-capital case in which the defendant is free on bail and is initially present at trial, the defen-

dant thereafter voluntarily absents himself after the trial has commenced. In such case of initial appearance, where the defendant has been informed of his obligation to remain during all stages of the trial, voluntary absence is deemed a waiver of the right to be present.

have provided any substantial benefit to the proceedings. Again, while these contentions may arguably be true, these facts do not render the error harmless. In *Boyd,* where no record was made of the proceeding held in the defendant's absence, we explained that it was impossible to prove beyond a reasonable doubt that a defendant's absence was harmless where no record was available. *See* 160 W.Va. at 274, 233 S.E.2d at 719. Likewise, while a record was made in the present case of the selection of the jury, it is impossible to speculate as to what the appellant's contribution to that proceeding could have been or what additional inquiries would have been made at his behest. Consequently, we cannot conclude that the selection of the jury in the absence of a criminal defendant without a waiver can be deemed harmless error.

Based upon our review of the record and the arguments of counsel, we reverse the decision of the Circuit Court of Marion County and remand this matter for a new trial.

Reversed and remanded.